<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| PETER J. ARENDAS, | : | Civil No. 09-5782 (FLW) |
| | : | |
| Plaintiff, | : | |
| | : | **O P I N I O N** |
| v. | : | |
| | : | |
| SOMERSET COUNTY SHERIFF'S | : | |
| DEPT., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**APPEARANCES:**

      PETER J. ARENDAS, Plaintiff <u>Pro Se</u>
      C/O Gerald Betzner, Esq.
      17 E. Union Avenue
      Bound Brook, New Jersey 08805

**WOLFSON**, District Judge:

Peter J. Arendas, an inmate who is currently confined at Monroe County Correctional Facility in Stroudsburg, Pennsylvania, seeks to bring this action <u>in forma pauperis</u> without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on his affidavit of poverty, prison account statement and the absence of three qualifying dismissals, pursuant to 28 U.S.C. § 1915(g), this Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> and direct the Clerk to file the Complaint without prepayment of the filing fee. <u>See</u> 28 U.S.C. § 1915(a). Having thoroughly reviewed Plaintiff's allegations, this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

Plaintiff brings this Complaint against the Somerset County Sheriff's Department,

Somerset County Sheriff Frank J. Provenzano, and four transport sheriff's officers designated as

John Does 1 through 4.  Plaintiff, who was confined at Somerset County Jail when he submitted

the Complaint, asserts the following facts:

> On 9-28-2009 I was taken from Somerset County Jail by 4
> unknown Somerset County Sheriff's Dept. officers under the
> supervision and direction of Senior Sheriff of Somerset County
> Frank J. Provenzano (defendant #1).  Upon arrival at Monmouth
> County Courthouse I was taken to the basement holding area.  I
> was placed in a single man cell.  The transport sheriffs (John Doe's
> 1, 2, 3, 4) left the facility for "joy-riding."  I saw no judge or
> courtroom this day 9-28-2009.  I was left for approx. "5" (five)
> hours in very secure "BLUE-BOX" type shackles that go over
> handcuffs.  I was left in leg irons, the hand shackles were secured
> by a padlock that Monmouth Sheriffs had no key for.  All other
> prisoners are unshackled in holding cells.  There could have been a
> medical emergency.  This was very painful and cruel and unusual
> punishment . . . .  Also, on 11-8 and 10-27 in writing I requested
> the names of the transport sheriffs from Mr. Provenzano Sheriff of
> Somerset County and received no reply.

(Docket Entry #1 at pp. 8-9.)

Plaintiff asserts that Sheriff Provenzano violated his constitutional rights by "supervising

all sheriff functions on 9-28-2009, by sending John Doe sheriff's officers 1, 2, 3, 4 to transport

myself the Plaintiff to Monmouth County Courthouse 9-28-2009 and leave me shackled

'unsupervised,' hands, legs, in 'BLUE BOX' type shackles . . . . for 5 hours."  (Docket Entry #1

at p. 4.)  Plaintiff asserts that the John Does violated his constitutional rights by leaving him

shackled in a holding cell at Monmouth County Courthouse for five hours on September 28,

2009.  (Id. at pp. 5-6.)  For violation of his constitutional rights, Plaintiff seeks $200,000.00 in compensatory and punitive damages.  (Id. at p. 10.)

## II.  STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915, 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

Addressing the clarifications as to the litigant's pleading requirement stated by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals for the Third Circuit provided District Courts with guidance as to what pleadings are sufficient to pass muster under Rule 8.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' . . . ."  Twombly, 127 S. Ct. at 1964-65 . . ."[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w]' that the pleader is entitled to relief.'"  Id. at 1966.  [Hence] "factual allegations must

> be enough to raise a right to relief above the speculative level." Id.
> at 1965 & n.3.

Id. at 230-34 (original brackets removed).

This pleading standard was further refined by the Supreme Court in Ashcroft v. Iqbal, 129

S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

> [In any civil action, t]he pleading standard . . . demands more than
> an unadorned ["]the-defendant-unlawfully-harmed-me["]
> accusation. [Twombly, 550 U.S.] at 555 . . . .  A pleading that
> offers "labels and conclusions" or "a formulaic recitation of the
> elements of a cause of action will not do." [Id.] at 555.
> [Moreover,] the plausibility standard . . . asks for more than a sheer
> possibility that a defendant has acted unlawfully.  Id. [Indeed, even
> w]here a complaint pleads facts that are "merely consistent with" a
> defendant's liability, [the so-alleging complaint still] "stops short of
> [showing] plausibility of 'entitlement to relief.'"  Id. at 557
> (brackets omitted).  [A fortiori,] the tenet that a court must accept
> as true all of the allegations contained in a complaint is
> inapplicable to legal conclusions [or to t]hreadbare recitals of the
> elements of a cause of action, supported by mere conclusory
> statements [, i.e., by] legal conclusion[s] couched as a factual
> allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement
> [or] that [defendants] adopted a policy "'because of,' not merely 'in
> spite of,' its adverse effects upon an identifiable group." . . . . [W]e
> do not reject these bald allegations on the ground that they are
> unrealistic or nonsensical. . . .  It is the conclusory nature of [these]
> allegations . . . that disentitles them to the presumption of truth. . . .
> [Finally,] the question [of sufficiency of] pleadings does not turn
> [on] the discovery process.  Twombly, 550 U.S. at 559 . . . . [The
> plaintiff] is not entitled to discovery [where the complaint asserts
> some wrongs] "generally," [i.e., as] a conclusory allegation [since]
> Rule 8 does not [allow] pleading the bare elements of [the] cause
> of action [and] affix[ing] the label "general allegation" [in hope of
> developing actual facts through discovery].

Iqbal, 129 S. Ct. at 1949-54.

The Third Circuit observed that <u>Iqbal</u> hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957),[1] which was applied to federal complaints before <u>Twombly</u>.  <u>See</u> <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203 (3d Cir. 2009).  In light of <u>Iqbal</u>, the Third Circuit requires District Courts to conduct, with regard to Rule 8 allegations, a two-part analysis when reviewing a complaint for dismissal for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  [<u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949-50.]  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief" [in light of the definition of "plausibility" provided in <u>Iqbal</u>.]  In other words, a complaint must do *more than allege the plaintiff's entitlement to relief*.  A complaint has to "show" such an entitlement with its facts.  <u>See</u> <u>Phillips</u>, 515 F.3d at 234-35.  As the Supreme Court instructed in <u>Iqbal</u>, "[w]here the well-pleaded facts do not permit the court to infer more than the *mere possibility of misconduct, the complaint has alleged-but it has not 'show*[*n*]*'-'that the pleader is entitled to relief*.'"  <u>Iqbal</u>, [129 S. Ct. at 1949-50 (emphasis supplied)].  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u>

<u>Fowler</u>, 578 F.3d at 210-11 (emphasis supplied).

The Court is mindful that the sufficiency of this <u>pro</u> <u>se</u> pleading must be construed liberally in favor of the plaintiff, even after <u>Iqbal</u>.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007).

---

[1]  The <u>Conley</u> court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. at 45-46.

With these precepts in mind, the Court will determine whether the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III.  DISCUSSION

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Plaintiff asserts that four officers at Somerset County Jail violated his constitutional rights under 42 U.S.C. § 1983 by transporting him to the Monmouth County Courthouse and leaving him shackled for five hours in a single-person holding cell. Plaintiff contends that the Somerset County Sheriff violated his constitutional rights by scheduling this transport.  This Court presumes that Plaintiff was confined at Somerset County Jail as a pretrial detainee and

6

accordingly construes his allegations as an attempt to state a conditions of confinement claim under the Due Process Clause of the Fourteenth Amendment.[2]

The Due Process Clause of the Fourteenth Amendment prohibits punishment of a pretrial detainee prior to an adjudication of guilt in accordance with due process of law.  See Bell v. Wolfish, 441 U.S. 520, 535 (1979); Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005).  As the Supreme Court explained,

> if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment."  Conversely, if a restriction or condition is not reasonably related to a legitimate goal - if it is arbitrary or purposeless - a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees.

Bell, 441 U.S. at 539 (footnote and citation omitted).

The maintenance of security, internal order, and discipline are essential goals which at times require "limitation or retraction of . . . retained constitutional rights."  Bell, 411 U.S. at 546.  "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial."  Id. at 540.

---

[2] "[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.  Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment."  Bell v. Wolfish, 441 U.S. 520, 537, n.16 (1979) (quoting Ingraham v. Wright, 430 U.S. 651, 671-72, n.40 (1977)); see also  City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983).

7

The Fourteenth Amendment standard of unconstitutional punishment, like the Eighth Amendment's cruel and unusual punishments standard, contains both an objective component and a subjective component:

> Unconstitutional punishment typically includes both objective and subjective components.  As the Supreme Court explained in Wilson v. Seiter, 501 U.S. 294 . . . (1991), the objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" Id. at 298 . . . . The Supreme Court did not abandon this bipartite analysis in Bell, but rather allowed for an inference of mens rea where the restriction is arbitrary or purposeless, or where the restriction is excessive, even if it would accomplish a legitimate governmental objective.

Stevenson v. Carroll, 495 F. 3d 62, 68 (3d Cir. 2007).

In this Complaint, Plaintiff complains that he was left shackled in a holding cell in the courthouse for five hours.  However, Plaintiff's five-hour shackled confinement did not violate Due Process because Plaintiff was not subjected to genuine privation and hardship over an extended period of time.  See Bell, 441 U.S. at 542 (confining pretrial detainees "in such a manner as to cause them to endure genuine privations and hardship over an extended period of time might raise serious questions under the Due Process Clause as to whether those conditions amounted to punishment"); Hutto v. Finney, 437 U.S. 678, 686-87 (1978) ("the length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards.  A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months"); Hubbard, 538 F. 3d at 235 (holding that triple celling of pretrial detainees and use of floor mattresses did not violate Due Process because the inmates "were not subjected to genuine privations and hardship over an extended period of time");

Piskanin v. Hammer, 269 Fed. App'x 159, 162-63 (3d Cir. 2008) (placement of pretrial detainee on suicide watch for brief six day period, during which time he could not contact counsel or file a habeas petition, did not amount to punishment prior to adjudication of guilt); Foreman v. Lowe, 261 Fed. App'x 401 (3d Cir. 2008) (immigration detainee's confinement in maximum security did not violate due process). Because Plaintiff was not subjected to genuine privations and hardships over an extended period of time, his due process rights were not violated and this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.[3]

### IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint. The Court will enter an appropriate Order.

 s/Freda L. Wolfson
**FREDA L. WOLFSON, U.S.D.J.**

Dated:  __June 16__, 2010

---

[3] As amendment of the Complaint would be futile, this Court will not grant leave to amend.

9